**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| TOMMY RAY MAYS II and QUINTON NELSON SR., individually and on behalf of all others similarly situated,<br><br>             Plaintiffs,<br><br>v.<br><br>JON HUSTED, in his official capacity as Secretary of State of Ohio,<br><br>             Defendant. | CASE NO. 2:18-cv-1376<br><br>**CLASS ACTION COMPLAINT** |

## COMPLAINT

### NATURE OF ACTION

1.     Ohio systematically disenfranchises eligible voters who are arrested after the absentee ballot request deadline and detained through Election Day by refusing to provide these eligible voters with access to the ballot—access that it can and does provide voters unable to vote in person by reason of unforeseen hospitalization.

2.     Depriving these individuals of their fundamental right to vote violates the First and Fourteenth Amendments to the United States Constitution.

3.     Plaintiffs, on behalf of themselves and all others similarly situated, bring this action for declaratory and injunctive relief, including immediate injunctive relief in time for the November 6, 2018, general election, pursuant to Rules 23, 57, and 65 of the Federal Rules of Civil Procedure; 28 U.S.C. §§ 1331, 1343(a), 2201, and 2202; and 42 U.S.C. § 1983.

## JURISDICTION AND VENUE

4.     This action arises under the First Amendment and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a), and 42 U.S.C. § 1983.

5.     This Court has jurisdiction to grant both declaratory and injunctive relief, pursuant to 28 U.S.C. §§ 2201 and 2202.

6.     This Court has personal jurisdiction over the Defendant, Ohio Secretary of State Jon Husted, whose principal office is in Columbus, Ohio.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because (1) Plaintiffs are residents and registered voters in this District; (2) Defendant performs his official duties in this District; and (3) a substantial part of the events or omissions giving rise to the claim occurred and are continuing to occur in this District.

8.     Additionally, this action should be assigned to the Eastern Division of the Southern District of Ohio because Defendant Husted has his principal office in Columbus, Ohio.

## PARTIES

9.     Plaintiff TOMMY RAY MAYS II is a registered Ohio voter, a U.S. citizen, a resident of Dayton, Ohio for more than thirty days, and over eighteen years old.  Plaintiff Mays has not voted in the general election to be held on November 6, 2018 and had intended to vote in person on Election Day. Plaintiff Mays was arrested at 7:05 P.M. on Saturday November 3, 2018, and is currently being held as a pretrial detainee on misdemeanor charges at the Montgomery County Jail in Dayton, Ohio. Plaintiff Mays' bail was set at $10,000. Plaintiff Mays is eligible to vote. Due to his detention, Plaintiff Mays is unable to cast an absentee or in-person ballot in the November 6, 2018 election.

10.     Plaintiff QUINTON NELSON SR. is a registered Ohio voter, a U.S. citizen, a resident of Dayton, Ohio for more than 30 days, and over eighteen years old.  Plaintiff Nelson has not voted in the general election to be held on November 6, 2018 and intended to vote in person on Election Day. Plaintiff Nelson was arrested at 10:08 P.M. on Friday November 2, 2018, and is currently being held as a pretrial detainee on misdemeanor charges at the Montgomery County Jail in Dayton, Ohio. Plaintiff Nelson's bail was set at $10,000. Plaintiff Nelson is eligible to vote. Due to his detention, Plaintiff Nelson is unable to cast an absentee or in-person ballot in the November 6, 2018 election.

11.     Defendant JON HUSTED is the Ohio Secretary of State. In his capacity as Secretary of State, Defendant Husted oversees the elections process. This includes appointing the members of boards of elections in each of Ohio's eighty-eight counties, Ohio Rev. Code § 3501.05(A), issuing directives and advisories that instruct boards on how to conduct elections, *id.* § 3501.05(B), "preparing rules and instructions for the conduct of elections," *id.* § 3501.05(C), and compelling county election officers to observe of the requirements of state election laws, *id.* § 3501.05(M). His principal office is in Columbus, Ohio.

## FACTUAL ALLEGATIONS

### Plaintiffs and Class Members Have the Right to Vote

12.     Plaintiffs and members of the putative class have the right to vote regardless of being held in detention in Ohio county jails.

13.     The Ohio Constitution states that every citizen who meets the residency requirements and registers to vote thirty days before an election "has the qualifications of an elector, and is entitled to vote at all elections." Ohio Const. Sec. 1, Art. V.

14.     Individuals who are convicted of a misdemeanor offense or who are in jail on pending charges, whether misdemeanor or felony, do not lose their right to vote under Ohio law. Ohio Rev. Code § 3509.08(A).

15.     Upon information and belief, a substantial number of the individuals booked into Ohio county jails on or after the weekend before Election Day will be eligible to vote.

16.     According to the Ohio Department of Rehabilitation and Correction, in 2016 the average daily jail population statewide was 19,209, with about 58% of that—11,123—being in pretrial detention.

17.     Despite the fact that pretrial detainees and detainees with misdemeanor convictions are not disqualified from voting under Ohio law, these otherwise qualified electors are nonetheless restricted by Ohio election law and policies from exercising their right to vote.

### Pretrial Detention in Ohio

18.     There are seventy-two county jails in Ohio.[1]

19.     Over the course of 2015, approximately 52,056 individuals were admitted into jail in Franklin County, Ohio—an average rate of 142 admissions per day. The estimated average stay for an individual admitted into county jail in Franklin County is approximately fourteen days.[2]

20.     Over the course of 2015, approximately 39,080 people were admitted into jail in Montgomery County, Ohio—an average rate of 107 admissions per day. The estimated average stay for an individual admitted into jail in Montgomery County is approximately eleven days.[3]

---

[1] ACLU OHIO, *Voting in Jail: An Organizer's Toolkit*, https://www.acluohio.org/jailvoting (last visited Nov. 2, 2018).

[2] VERA, *Incarceration Trends-Franklin County, OH*, http://trends.vera.org/rates/franklin-county-oh?incarcerationData=all (last visited Nov. 2, 2018).

[3] VERA, *Incarceration Trends-Montgomery County, OH*, http://trends.vera.org/rates/montgomery-county-oh?incarcerationData=all (last visited Nov. 2, 2018).

**In-Person Early Voting in Ohio**

21.    In-person early voting begins in Ohio the day after the close of registration and ends the Monday before Election Day.

22.    In-person early voting in Montgomery County is available at 451 W. Third Street, Dayton, OH 45422.[4] The Montgomery County early voting location is 0.5 miles from the Montgomery County Jail.[5]

**Ohio Absentee Voting Request Procedures for Jailed and Confined Electors**

23.    Ohio law and practice provides five methods of absentee voting: (1) voting remotely by mail; (2) voting early, in person, at the board of elections or other designated location; and methods for those in three special circumstances; (3) overseas uniformed military; (4) individuals in unforeseen hospitalization; and (5) those subject to "disability or confinement." Ohio Rev. Code §§ 3509.01; 3509.02; 3509.08; 3509.10.

24.    Section 3509.08(A) of the Ohio Revised Code provides that any qualified elector who, "on account of the elector's confinement in a jail or workhouse . . . awaiting trial on a felony or misdemeanor, will be unable to travel from the elector's . . . place of confinement to the voting booth in the elector's precinct on the day of . . . [the] election may make application in writing for an absent voter's ballot to the director of the board of elections of the elector's county."

25.    Once an elector's local county board of elections receives a timely application, it can mail the ballot to the voter's designated mailing address. Ohio Rev. Code § 3509.04(B). Alternatively, if the voter is disabled or confined, the board can send two board employees (one

---

[4] MONTGOMERY COUNTY BOARD OF ELECTIONS (Nov. 2, 2018), https://www.mcboe.org/.
[5] Driving Directions from the Montgomery County Board of Elections to the Montgomery County Jail, GOOGLE MAPS (Nov. 2, 2018), https://tinyurl.com/y6vrtcg2.

representing each of the two major political parties) to deliver the ballot to the elector and return the completed ballot to the board before the polls close on Election Day. *Id.* §§ 3509.05; 3509.08.

26.     If an ill or confined elector chooses to return the ballot by mail, the voted ballot must bear a postmark of no later than the day before the election and be received by the board of elections within 10 days after Election Day. *Id.* § 3509.05(B)(1).

27.     However, Ohio law requires that absentee ballot applications submitted by those who are experiencing an illness or detained in jail must be received by the board of elections before "twelve noon of the third day before the day of the election at which the ballot is to be voted." *Id.* at § 3509.08(A). The Secretary of State has specified that this means in-person requests for absentee ballots must be received by the county board by close of business on the Friday immediately preceding the election, and mailed absentee ballot requests must be received by the county board of elections by noon on the Saturday prior to the election.[6] For the 2018 general election, absentee ballot requests submitted in-person had to be received by close of business on November 2, 2018 and mailed requests had to be received by 12:00 p.m. on Saturday, November 3, 2018.

28.     This deadline means that no individual who is arrested on or after close of business the Friday evening before Election Day and kept in custody through Election Day will be able to request an absentee ballot through the standard procedure.[7]

---

[6] OHIO SECRETARY OF STATE, *Ohio Election Official Manual*, Ch. 5, § 1.04(A), https://www.sos.state.oh.us/globalassets/elections/directives/2017/dir2017-10_eom.pdf (last visited Nov. 5, 2018).

[7] Moreover, due to the necessary delays involved in processing mail coming in and out of county jails and detention centers, the effective deadline for detained voters to send an absentee ballot request so that it arrives by the statutory deadline is likely considerably earlier than Saturday. This makes it likely that many people arrested in the days preceding the Friday before the election were also unable to vote using the standard procedures.

29.     However, Ohio law creates an exception to this deadline for individuals who are hospitalized, or whose minor children are hospitalized, due to an accident or unforeseeable medical emergency after the deadline to request an absentee ballot has passed. *Id.* § 3509.08(B).

30.     These individuals are afforded a special absentee ballot request application that can be submitted any time after 12:00 p.m. on the Saturday immediately preceding the election and before 3:00 p.m. on Election Day. *Id.*

31.     In such emergency circumstances, if the applicant is confined in a hospital in the county in which they are a qualified elector, the applicant can choose to have two election officials deliver their absentee ballot and return that ballot by the close of polls on Election Day. They may also choose to have a family member pick up their absentee ballot from the board, deliver it to them in person, and it return for them to the board. Ohio Rev. Code § 3509.08(B); *see also supra* note 6 at 5-12.

32.     For applicants who are confined in a hospital outside the county where the applicant is a qualified elector, the director shall arrange for delivery of an absent voter's ballot by mail, which the applicant then returns by mail. In this case, the same postmark deadline of the day prior to the Election applies, and the ballot must be received by 10 days after Election Day. Ohio Rev. Code § 3509.08(B).

33.     The emergency absentee procedures for individuals who experience unforeseen hospitalization described above are not available to pretrial detainees and detainees with misdemeanor convictions who are arrested and confined after the regular absentee ballot request deadline has passed and eligible to vote.

34.     These late-jailed electors, whose fundamental right to vote is not invalidated by their detention, have no means to access the ballot on or before Election Day.

35.    A 2014 analysis by Mark Salling, Phd, the Director of the Northern Ohio Data and Information Service, concluded that in the 2012 general election, between 438 and 479 voters registered in Ohio were unable to cast ballots because they were in jail the weekend and Monday before the election.

36.    On October 16, 2018, counsel for the plaintiffs sent a letter to Defendant Husted alerting him that Ohio's current election system denies individuals who come within the proposed class of their right to vote and proposing several alternative means of ensuring these individuals are able to vote in the November 6, 2018 election. Ex. A (10/16/18 Letter to Sec'y Husted).

37.    On November 1, 2018, counsel for the plaintiffs had a teleconference with attorneys for Defendant Husted. The attorneys indicated that Ohio election law provides no mechanism for late-jailed eligible voters to vote, and that only litigation could achieve that result.

38.    The deadline to request an absentee ballot thus disenfranchises eligible electors who are arrested and held in detention on the weekend before Election Day.

**Defendants Improperly Burdened Plaintiffs' and Class Members' Fundamental Right to Vote in the 2018 General Election**

39.    On and after November 2, 2018, Defendant has denied and will continue to deny eligible voters held in detention the opportunity to vote in the 2018 general election.

40.    The deadline to request an absentee ballot in Ohio was Friday, November 2, at the close of business in person and receipt by Saturday, November 3 at 12:00 p.m. via mail.

41.    The general election will be held on November 6, 2018.

42.    As a result of their confinement, Plaintiffs and class members will be unable to vote in person during the remaining period of early voting or on Election Day.

43.    Plaintiffs and class members were arrested and placed in detention after the deadline for requesting absentee ballots had passed. They cannot request an absentee ballot by

mail, and state law precludes them from having an absentee ballot delivered to them by election officials or a family member.

## CLASS ACTION ALLEGATIONS

44.     Plaintiffs as proposed representatives of the putative class bring this action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(2) on behalf of themselves and all others similarly situated as members of the following proposed class:

> All individuals arrested and held in detention in Ohio on or after close of business for the county election board on the Friday prior to the Election who (1) are eligible to vote in Ohio and are registered to do so, (2) did not vote absentee in person or by mail prior to their detention, (3) were provided neither an absentee ballot nor transportation to a voting center nor access to any other method of voting while held in detention, and (4) will remain in detention through close of polls on Election Day.

45.     Plaintiffs satisfy the numerosity, commonality, typicality, and adequacy requirements set forth in Fed. R. Civ. P. 23(a).

46.     The plaintiff class is so numerous that individual joinder of all class members is impracticable. Fed. R. Civ. P. 23(a)(1). Upon information and belief, the proposed class includes more than 400 members, based upon an estimate of the number of registered voters who were unable to vote due to incarceration in the 2012 election.

47.     There are questions of law and fact common to all members of the plaintiff class, Fed. R. Civ. P. 23(a)(2), which include but are not limited to:

   a.     Whether Defendant has prohibited eligible voters detained in Ohio county jails from exercising the fundamental right to vote or impermissibly burdened that right;

   b.     Whether Ohio law governing absentee voting by individuals held in pretrial detention or in detention for a misdemeanor conviction, Ohio Rev. Code § 3509.08, violates the First Amendment of the U.S. Constitution;

       c.      Whether Ohio law governing absentee voting by individuals held in detention, Ohio Rev. Code § 3509.08, violates the Fourteenth Amendment of the U.S. Constitution;

       d.      Whether declaratory relief is appropriate to hold that the application of Ohio election law to disenfranchise qualified electors who are jailed the weekend before Election Day and remain confined through Election Day is unconstitutional; and

       e.      Whether immediate and permanent injunctive relief are appropriate to require Defendant Husted to direct members of all County Boards of Elections in Ohio to provide a reasonable and practicable means of voting for all confined eligible voters, at least equivalent to that provided for late-hospitalized persons pursuant to Ohio Rev. Code § 3509.08(B).

48.      The named plaintiffs' claims are typical of the claims of the plaintiff class. Fed. R. Civ. P. 23(a)(3).

49.      The named plaintiffs will fairly and adequately protect the interests of the plaintiff class. Fed. R. Civ. P. 23(a)(4). There are no conflicts between the named plaintiffs and plaintiff class members. Plaintiffs and their counsel, Campaign Legal Center, MacArthur Justice Center, and Demos, are qualified and experienced litigators and will vigorously and competently prosecute the case on behalf of the class.

50.      A plaintiff class is appropriate under Federal Rule of Civil Procedure 23(b)(2) because Defendant has acted and refused to act on grounds that apply generally to the class, so that final injunctive and declaratory relief are appropriate respecting the class as a whole. A single injunction or declaratory judgment will provide relief to each member of the proposed plaintiff class. If the Court orders Defendant to ensure that jailed eligible voters be provided means to cast

a ballot at least equivalent to that provided for late-hospitalized persons pursuant to Ohio Rev. Code § 3509.08(B), that order would provide relief to every plaintiff class member and protect his or her fundamental right to vote. The claims of the named Plaintiffs and the proposed plaintiff class are capable of repetition and evading review because the nature of the claims is such that a claim arises predictably and yet stays live only within four days of the final opportunity to exercise the right to vote, and a person has no way of knowing whether they would have such a claim before that time.

## FIRST CLAIM FOR RELIEF

**Denial of the Fundamental Right to Vote in Violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; 42 U.S.C. § 1983.**

51.     Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

52.     Qualified electors under Ohio law have been arrested and jailed, and will continue to be, between close of business the Friday before the Election and through Election Day.

53.     These detainees retain their constitutional right to vote, but their confinement makes it impossible for them to exercise their right.

54.     Ohio makes no provisions for these detainees to vote in person—there is no way for them to vote at their designated polling places during early voting or on Election Day.

55.     Further, Ohio's law and policies make it impossible for these detainees to make a timely request for an absentee ballot.

56.     Defendants' imposition of a severe and arbitrary burden and denial of these qualified electors' right to vote violates the Equal Protection Clause of the Fourteenth Amendment.

57.     Ohio's statutory scheme and policies for absentee voting arbitrarily discriminate between two similarly situated categories of people in unexpected confinement who expected to be able to vote on Election Day. Allowing persons confined in hospitals to vote, while denying the vote to electors confined in jails and detention centers violates the Equal Protection Clause of the Fourteenth Amendment.

58.     Under the Fourteenth Amendment to the U.S. Constitution, the right to vote may not be denied or abridged without a compelling interest narrowly tailored to meet a governmental interest and absent the least restrictive means of achieving any such objectives.

59.     Defendant's actions are not narrowly tailored to serve a compelling interest, nor is there a rational basis justifying Defendant's denial of the right to vote to those detained pretrial or on a misdemeanor. Defendant's actions likewise constitute a severe and unconstitutional burden on the right to vote.

60.     Defendant's actions, taken under color of state law, deprive Plaintiffs and class members of rights, privileges, or immunities secured to them by the Constitution of the United States, in violation of 42 U.S.C. § 1983.

## SECOND CLAIM FOR RELIEF

**Violations of the First Amendment to the United States Constitution; 42 U.S.C. § 1983**

61.     Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

62.     Voting and participating in the electoral process is the ultimate form of political speech and association and is a fundamental right protected by the First Amendment.

63.    Ohio's election law and policies impose severe and insurmountable burdens on the right to vote for Plaintiffs and all other late-jailed electors. These burdens violate the First Amendment.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiffs respectfully request that the Court enter an order:

(a) Certifying the plaintiff class as defined herein;

(b) Declaring that Ohio laws and policies prohibiting late-jailed eligible electors from accessing the ballot violate the First and Fourteenth Amendments to the Constitution of the United States;

(c) Temporarily and/or permanently enjoining Defendant from prohibiting or burdening late-jailed individuals' fundamental right to vote and requiring Defendant to provide such individuals with access to the ballot;

(d) Requiring Defendant Husted to issue a directive:

    i.    notifying Ohio's eighty-eight county boards of elections that all eligible electors who are arrested and either placed in pretrial detention or detained on a misdemeanor conviction between the Friday prior to Election Day and the Tuesday of Election Day:

        1.  have the right to vote; and

        2.  may submit absentee ballot request forms through Election Day;

    ii.   instructing the county boards of elections to work with the sheriffs of their county to guarantee that:

        1. late-jailed detainees are informed that they can cast a ballot;

        2. absentee ballot applications are made available to these detainees;

      3. jails transmit the applications expeditiously, so that anyone who applies for an absentee ballot is able to cast one; and

      4. detainees receive absentee ballots in time and completed ballots are transmitted to election officials in time to be counted;

(e) Granting Plaintiffs' attorney's fees, costs, and litigation expenses pursuant to 42 U.S.C. § 1988; and

(f) Granting other and further relief that the Court may determine to be necessary or proper.

Dated: November 6, 2018

Mark P. Gaber*
Danielle M. Lang*
Jonathan M. Diaz*†
CAMPAIGN LEGAL CENTER
1411 K St. NW, Ste. 1400
Washington, DC, 20005
(202) 736-2200
mgaber@campaignlegalcenter.org
dlang@campaignlegalcenter.org
jdiaz@campaignlegalcenter.org

Locke E. Bowman*
Alexa Van Brunt*
Laura C. Bishop*
RODERICK AND SOLANGE MACARTHUR
JUSTICE CENTER
NORTHWESTERN PRITZKER SCHOOL OF LAW
375 East Chicago Avenue
Chicago, Illinois 60611
(312) 503-1271
l-bowman@law.northwestern.edu
a-vanbrunt@law.northwestern.edu
laura.bishop@law.northwestern.edu

Respectfully submitted,

*/s/ Naila S. Awan*
Naila S. Awan, Trial Attorney (0088147)
DĒMOS
80 Broad Street, 4th Floor
New York, NY 10004
(212) 485-6055
nawan@demos.org

Chiraag Bains*‡
DĒMOS
740 6th Street NW, 2nd Floor
Washington, DC 20001
(202) 864-2746
cbains@demos.org

*Attorneys for Plaintiffs*

*\*motions for admission* pro hac vice
*forthcoming*
*†admitted to practice only in New York,*
*supervision by Danielle Lang, a member of*
*the D.C. Bar*
*‡admitted to practice only in Massachusetts;*
*practice limited pursuant to D.C. App. R.*
*49(c)(3)*