IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO,
EASTERN DIVISION

| | |
|---|---|
| TOMMY RAY MAYS, II, *et al.*, : | |
| : | |
| Petitioners, : | Case No. 2:18-cv-1376 |
| : | |
| v. : | JUDGE WATSON |
| : | |
| JON HUSTED, in his official capacity as : | MAGISTRATE JUDGE VASCURA |
| Secretary of State of Ohio, : | |
| : | |
| Defendant. : | |

**ANSWER OF DEFENDANT OHIO SECRETARY OF STATE FRANK LaROSE**

Defendant Secretary of State of Ohio Frank LaRose[1] answers Plaintiffs' Complaint of as follows:

1. Defendant denies the allegations in Paragraph 1 of the Complaint.

2. Defendant denies the allegations in Paragraph 2 of the Complaint.

3. In response to Paragraph 3 of the Complaint, Defendant states that Plaintiffs' Complaint and the legal authority cited therein speak for themselves. Any remaining allegations in Paragraph 3 of the Complaint are denied.

4. In response to the allegations in Paragraph 4 of the Complaint, Defendant states that Plaintiffs' Complaint speaks for itself. Further responding, the remaining allegations state legal conclusions to which no response is required.

5. Defendant states that Paragraph 5 of the Complaint states legal conclusions to which no response is required.

---

[1] Since the filing of this action, Frank LaRose has taken office as the Ohio Secretary of State. Speaking in his official capacity, Secretary of State LaRose answers Plaintiffs' Complaint herein.

6. Defendant states that Paragraph 6 of the Complaint states legal conclusions to which no response is required. Defendant Ohio Secretary of State LaRose admits that is principal office is located in Columbus, Ohio.

7. Defendant states that Paragraph 7 of the Complaint states legal conclusions to which no response is required. Defendant Ohio Secretary of State LaRose admits that he performs official duties in this district. Further responding, Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations in subsections (1) and (3) of Paragraph 7 of the Complaint, and therefore denies the same. Any remaining allegations are denied.

8. Defendant admits that this lawsuit may be properly assigned to the Eastern Division of the Southern District of Ohio as alleged in Paragraph 8 of the Complaint.

9. In response to the allegations in Paragraph 9 of the Complaint, Defendant asserts that pursuant to the Court's Order (ECF No. 12), Plaintiff Tommy Ray Mays II voted in the November 6, 2018, election. Further responding, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 of the Complaint and therefore denies the same.

10. In response to the allegations in Paragraph 10 of the Complaint, Defendant asserts that pursuant to the Court's Order (ECF No. 12), Plaintiff Quinton Nelson, Sr. ("Plaintiff Nelson") voted in the November 6, 2018 election. Further responding, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 of the Complaint and therefore denies the same.

11. Defendant admits that Jon Husted was the Secretary of State of Ohio at the time Plaintiffs' Complaint was filed, and that Frank LaRose currently serves as the Secretary of State

of Ohio. Defendant admits that his principal office is in Columbus, Ohio. Further responding, Defendant states that the statutes cited by Plaintiffs in Paragraph 11 of the Complaint speak for themselves. Any remaining allegations in Paragraph 11 of the Complaint are denied.

12. Defendant states that Paragraph 12 of the Complaint contains legal conclusions to which no answer is required. Further responding, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 of the Complaint and therefore denies the same. Defendant specifically denies any implication that qualified voters have a right to vote at any time, place, or manner of their choosing, or at their convenience.

13. Defendant states that the Ohio Constitution speaks for itself.

14. Defendant states that Paragraph 14 of the Complaint contains legal conclusions to which no answer is required. Any remaining allegations in Paragraph 14 of the Complaint are denied. Further responding, Defendant denies any implication in Paragraph 14 of the Complaint that Plaintiffs have a right to vote in the time, place, or manner of their choosing, or at their convenience. The statute cited in Paragraph 14 speaks for itself.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and therefore denies the same.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and therefore denies the same.

17. Defendant states that Paragraph 17 of the Complaint contains legal conclusions to which no answer is required. Defendant denies the remaining allegations in Paragraph 17 of the Complaint.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and therefore denies the same.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and therefore denies the same.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and therefore denies the same.

21. Defendant admits that in-person absentee voting begins in Ohio the day after the close of voter registration and ends the Monday before Election Day. Any remaining allegations in Paragraph 21 of the Complaint are denied.

22. Defendant admits that for the November 2018 general election, in-person absentee voting was available at the Montgomery County Board of Elections, 451 W. Third Street, Dayton, Ohio 45422. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 of the Complaint and therefore denies the same.

23. Defendant states that the statutes cited by Plaintiffs in Paragraph 23 of the Complaint speak for themselves.

24. Defendant states that the statute cited by Plaintiffs in Paragraph 24 of the Complaint speaks for itself.

25. Defendant states that the statutes cited by Plaintiffs in Paragraph 25 of the Complaint speak for themselves. Further responding, Defendant states that Paragraph 25 of the Complaint contains legal conclusions to which no answer is required.

26. Defendant states that the statute cited by Plaintiffs in Paragraph 26 of the Complaint speaks for itself. Further responding, Defendant states that Paragraph 26 of the Complaint contains legal conclusions to which no answer is required.

27. Defendant states that the authority cited by Plaintiffs in Paragraph 27 of the Complaint speaks for itself. Further responding, Defendant states that Paragraph 27 of the Complaint contains legal conclusions to which no answer is required.

28. Defendant denies the allegations in Paragraph 28 of the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Footnote 7 of the Complaint and therefore denies the same.

29. Defendant states that the statute cited by Plaintiffs in Paragraph 29 of the Complaint speaks for itself. Further responding, Defendant states that Paragraph 29 of the Complaint contains legal conclusions to which no answer is required.

30. Defendant states that Paragraph 30 of the Complaint contains legal conclusions to which no answer is required. Defendant states that the statute cited by Plaintiffs in Paragraph 29 of the Complaint speaks for itself.

31. Defendant states that the statute cited by Plaintiffs in Paragraph 31 of the Complaint speaks for itself. Further responding, Defendant states that Paragraph 31 of the Complaint contains legal conclusions to which no answer is required.

32. Defendant states that the statute cited by Plaintiffs in Paragraph 32 of the Complaint speaks for itself. Further responding, Defendant states that Paragraph 32 of the Complaint contains legal conclusions to which no answer is required.

33. Defendant states that Paragraph 33 of the Complaint contains legal conclusions to which no answer is required.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant states that the material cited in Paragraph 35 of the Complaint speaks for itself. Defendant specifically denies the veracity of the conclusions rendered in the report cited in Paragraph 35 of the Complaint.

36. In response to the allegations in Paragraph 36 of the Complaint, Defendant admits that Plaintiffs sent Exhibit A to the Complaint to Secretary Husted, but denies the conclusions stated in Exhibit A.

37. Defendant admits that counsel for Plaintiffs had a teleconference with attorneys for Defendant, but denies the characterizations of that teleconference contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. In response to Paragraph 41 of the Complaint, Defendant admits that the General Election was held on November 6, 2018.

42. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint and therefore denies the same.

43. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint and therefore denies the same.

44. Defendant states that Plaintiffs' class allegations in Paragraph 44 of the Complaint speak for themselves. Defendant denies any remaining allegations in Paragraph 44 of the Complaint. Defendant specifically denies the validity or merit of the proposed class and other class allegations.

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

46. Defendant denies the allegations in Paragraph 46 of the Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Complaint and its various subparts.

48. Defendant denies the allegations in Paragraph 48 of the Complaint.

49. In response to Paragraph 49 of the Complaint, Defendant denies that the named plaintiffs will fairly and adequately protect the interests of the proposed class. Further responding, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49 of the Complaint and therefore denies the same.

50. Defendant denies the allegations in Paragraph 50 of the Complaint.

51. Defendant reasserts and reincorporates all foregoing answers as if fully rewritten here.

52. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint and therefore denies the same.

53. Defendant denies the allegations in Paragraph 53 of the Complaint.

54. Defendant denies the allegations in Paragraph 54 of the Complaint.

55. Defendant denies the allegations in Paragraph 55 of the Complaint.

56. Defendant denies the allegations in Paragraph 56 of the Complaint.

57. Defendant denies the allegations in Paragraph 57 of the Complaint.

58. Defendant states that Paragraph 58 of the Complaint contains legal conclusions to which no answer is required. Any remaining allegations in Paragraph 58 of the Complaint are denied.

59. Defendant denies the allegations in Paragraph 59 of the Complaint.

60. Defendant denies the allegations in Paragraph 60 of the Complaint.

61. Defendant reasserts and reincorporates all foregoing answers as if fully rewritten here.

62. Defendant states that Paragraph 62 of the Complaint contains legal conclusions to which no answer is required. Any remaining allegations in Paragraph 62 of the Complaint are denied.

63. Defendant denies the allegations in Paragraph 63 of the Complaint.

64. Defendant denies that Plaintiffs are entitled to any relief whatsoever and as requested in the Demand for Relief.

65. Defendant denies any allegations implicit in the Complaint's headings and subheadings.

66. Any allegation not specifically admitted is denied.

### FIRST DEFENSE

67. Plaintiffs lack standing to bring this action.

### SECOND DEFENSE

68. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

69. Plaintiffs seek unequal or preferential treatment in their relief, their relief does not match the claims asserted, and therefore Plaintiffs are not entitled to the relief sought.

### FOURTH DEFENSE

70. Plaintiffs' claims raise non-justiciable political questions, which are under the purview of the legislature rather than the judiciary.

## FIFTH DEFENSE

71. Plaintiffs' claims cannot proceed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## SIXTH DEFENSE

72. Ohio law affords Plaintiffs and others sufficient opportunity to vote consistent with the First and Fourteenth Amendments.

## SEVENTH DEFENSE

73. Defendant reserves the right to add defenses, including affirmative defenses, as may be disclosed during the course of this proceeding.

WHEREFORE, having fully answered, Defendant submits that the Complaint has no merit and should be dismissed.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

*s/ Sarah E. Pierce*
SARAH E. PIERCE (0087799)*
    * Trial Attorney
ZACHERY P. KELLER (0086930)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: (614) 466-2872; Fax: (614) 728-7592
sarah.pierce@ohioattorneygeneral.gov
zachery.keller@ohioattorneygeneral.gov

*Counsel for Defendant Ohio Secretary of State Frank LaRose*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed with the U.S. District Court, Southern District of Ohio, on February 5, 2019, and served upon all parties of record via the court's electronic filing system.

*s/ Sarah E. Pierce*
SARAH E. PIERCE (0087799)
Assistant Attorney General